IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AARON REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MCHENRY POWER EQUIPMENT, INC., a | ) |
| Domestic corporation, and ARTHUR | ) |
| GURDA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AARON REYNOLDS, by his attorneys, TOUHY, TOUHY & BUEHLER and DITOMMASO-LUBIN, and complaining of the Defendants, MCHENRY POWER EQUIPMENT, INC., and ARTHUR GURDA, (hereinafter referred to as the "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for unpaid wages, monetary damages, declaratory and injunctive relief and other equitable and ancillary relief. This action is brought under the Illinois Minimum Wage Act, ("IMWA"), 820 ILCS §105/4a *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. The Court has original jurisdiction under 28 U.S.C. §1331 and §1367.

3. The Court has supplemental jurisdiction over the state law claim.

4. Venue is appropriate under 28 U.S.C. §1391.

## PARTIES

5. Plaintiff Aaron Reynolds ("Reynolds") is a citizen and resident of McHenry, Illinois. Reynolds was employed by the Defendant as the service manager for several years until he left on November 25, 2014.

6. The Defendant, McHenry Power Equipment, Inc. is a Domestic corporation located in McHenry, Illinois. The Defendant Arthur Gurda owns and operates McHenry Power Equipment. The Defendant corporation operates a power equipment sales and service store in McHenry, Illinois.

7. Defendant managed Plaintiff's work and dictated, controlled and ratified the wage and hour policies and all related employee compensation policies of the Plaintiff.

## GENERAL ALLEGATIONS

8. This action is brought to recover unpaid compensation, statutory penalties and damages owed to Plaintiff.

9. During the statutory period, each week that Plaintiff worked over forty hours per week, he was not paid appropriate compensation because he was not paid overtime as mandated by law. Plaintiff worked from the time the company opened until it closed: 7:30 to 5:30 Monday through Friday and 7:30 to Noon on Saturday, a regular 54 hour work week.

10. Defendant paid Reynolds a salary. Initially it was $40,000 a year and it rose to $47,000 at the time Reynolds ended his employment with the Defendant.

11. These practices violate applicable provisions of the Illinois Wage Payment and Collection Act. As a result of this unlawful practice, Plaintiff suffered a loss of wages.

12. Defendant failed to pay wages and benefits relating to those unpaid wages to Plaintiff.

## COUNT I
## UNPAID WAGES UNDER THE IWPCA

13. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

14. Illinois law requires that an employee be paid all wages due. Plaintiff did not receive payment for all overtime hours worked and did not receive all wages due and owing. Moreover, if the Defendant sponsored a plan, program and/or arrangement which covered the Plaintiff, and which required payments to or on account of benefits under the plan that were related to all compensation due to him, then Plaintiff did not receive all benefits due in violation of the foregoing laws.

15. The foregoing actions of Defendant constitute violations of the IWPCA. Defendant's actions were willful and not in good faith.

16. Defendant is liable to Plaintiff for actual damages, equitable relief and any other damages awarded by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendant and in his favor for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Award compensatory damages, including all wages owed, in an amount according to proof;

B. Award interest on all wages due accruing from the date such amounts were due;

C. All costs and attorney's fees incurred prosecuting this claim;

D. For such further relief as the Court deems just and equitable.

## COUNT II
## UNCOMPENSATED TIME UNDER THE FLSA

17. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

18. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff has a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer, McHenry Power Equipment Company, Inc.

19. By failing to pay Plaintiff for these overtime hours, Defendant violated the FLSA.

20. Defendant is liable to Plaintiff for actual damages, equitable relief and any other damages awarded by this court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by his attorneys, demands judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Declare and find that the Defendant violated applicable federal law by failing to pay all wages due to the Plaintiff;

C. Award compensatory damages, including all wages owed, in an amount according to proof;

D. Award liquidated damages on all wages found to be due owing;

E. All costs and attorney's fees incurred prosecuting this claim;

F. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated: July 27, 2015                                  Respectfully Submitted,


                                                                    s/Terrence Buehler
                                                                    ONE OF THE ATTORNEYS FOR PLAINTIFF

Peter Lubin
Vincent DiTommaso
DiTommaso-Lubin P.C.
17W 220 22nd Street, Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0000
(630) 333-0333 (facsimile)

Terrence Buehler
Touhy, Touhy & Buehler, LLP
55 W. Wacker Drive Suite 1400
Chicago IL  60601
(312) 372-2209
(312) 456-3838 (facsimile)